UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ALBERTO JAMES SANTIAGO, SR.     Plaintiff

v.     Civil Action No. 3:21-cv-720-RGJ

ELISHIA CHILL, *et al.*     Defendants

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Alberto James Santiago, Sr., filed this *pro se* action proceeding *in forma pauperis*. This matter is now before the Court upon initial review of the complaint [DE 1] pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Upon review, the Court will dismiss some of Plaintiff's claims and allow other claims to proceed for further development.

**I. SUMMARY OF RELEVANT FACTUAL ALLEGATIONS**

Plaintiff sues the following Defendants: Key Property Management; Elishia Chill, identified by Plaintiff as an office manager for Key Property Management; Laurie Hext, identified as a regional manager for Key Property Management; Emily Fosse,[1] identified as a registered agent for Key Property Management; and CS1 KY, LLC.

Plaintiff states that he is bringing this suit as a "1983 CLAIM." He states that he is suing for violations of the Fair Housing Act, Title VI of the Civil Rights Act of 1964, Section 504 of the Rehabilitation Act of 1973, and Title VIII of the Civil Rights Act of 1968. He states, "Also

---

[1] Plaintiff states that he sues Defendants in their individual and official capacities. It is unclear if a private-sector employee, such as the individuals named in this action, can be sued in their official capacities. *See Kelliher v. DXC Tech. Servs., LLC*, No. 19-13316, 2020 U.S. Dist. LEXIS 260562, at *8 (E.D. Mich. Oct. 29, 2020) (collecting cases). However, in the context of a government employee, "[o]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Since the Court will allow claims to proceed against Defendants Chill and Hext, as well as their employer Key Property Management, the Court need not address the individual and official-capacity claims separately.

Retaliation, Discriminatory advertising, statements and notices, Discriminatory terms, conditions, privileges, or services and facilities Otherwise deny or make unavailable Discriminatory acts under section 818 (coercion, etc) Failure to make reasonable accommodation."

Plaintiff states that he moved into California Square One Apartments on March 1, 2013. He states, "Emily Fosse was the manager at the time for three and half years there was no violations by management me and Ms Fosse had a respectful relationship[.]" He maintains that he did not have any problems living in the apartment complex until Defendant Chill became the manager in 2017. He states that Defendant Chill hired friends and family members to work at the apartment complex. He states, "Six months as manager the (CHAOS) and (CRAZY) started to show." He reports that Defendant Chill terminated long-time security guards and hired her own friends who disregarded the rules. He states that he filed his first complaint on October 2, 2017, and that Defendant Fosse, who was a regional manager at the time, responded and that "she guarantee me (BETTER) (SERVICE) But as the records will indicate all I received was violation of my (CIVIL) and human (RIGHTS)."

Plaintiff states that on January 1, 2018, his door broke and that he went to the management office to report it to Defendant Chill and she put in a work order for the repair. He asserts that a maintenance man came and looked at the door and told him that the door needed a new screw. He states that on February 3, 2019, he asked the maintenance man if he ever ordered the screw, and "he responded []you need to take that up with Ms. Chill she told me not to (FIX) your door to leave it alone." Plaintiff asserts that on January 9, 2019, he received his first write-up about the door. He states that Defendant Chill stated that she was never informed about the door, but he asserts that she should have discovered that the door was broken when she did her

annual inspection. Plaintiff maintains that it was her job to fix the door but she did not take his safety into consideration and never fixed the door. He states that he was "illegally (EVICTED) for a door that would (NOT) be fixed until (I) file a (HUD) complaint (THREE) (YEARS) (LATER)." He states that because of the broken door "my arm was hurting from having to twist my arm every time I had to open my door. This was a safety issue, I was not at the same time able to get (OUT) or (IN) my apartment." He asserts that Defendant Chill stated that "she was not thinking about my f***ing door to get out of her office you puerto Ricon spic." He also states, "I wrote Ms Hext but she stated that they were going to finger out a way to get me 'evicted' you puerto Ricon troublemaker." He states that he received a second write-up about the door on December 2, 2020.

Plaintiff asserts that on December 13, 2019, he called "(METRO 311) for (HELP) Because the front doors to the build (HAVE) (NOT) be working for (THREE) (YEARS) and I get my arm houg on the door." He was told by a dispatcher that she was going "to file a complaint with the fire department and the code enforcer in my name." He reports that the fire chief and the code inspector came to the building and gave deadlines for repairing the doors. He states that Defendant Chill "called me in the office after they left and started yelling at me calling me all kinds of (DEROGATORY) names" and that she told him that he was going to have him evicted. Then Plaintiff and Defendant Chill had a phone call with Defendant Hext where both voiced to him that he was "starting alot of trouble." He asserts that Defendant Chill was yelling and screaming and that three hours later he was given a write-up "saying that I called her a (BI***)."

Plaintiff states that he then contacted the Lexington Fair Housing Council. He states that on January 10, 2020, an employee of the Lexington Fair Housing Council "contacted Ms Hext

concerning (NUMEROUS) of problems. 1). The door, 2). Discrimination, and all the frivolous write up's that I was reciving." He asserts that on January 14, 2020, he "was called to the office by Ms Chill and said (LET) me tell you something you puerto Rican spice you need to stop calling the code inspector or she was going to have the Bug people say I was smoking in my apartment." He reports, "I received my first write up for smoking on Dec,08,2020 then another one on 03,21,21, another one on june,9,2021. . . . On all three write up I was (NEVER) home was at Dr appointments." He continues, "For 71/2 years that I been living here Black Diamond all was been the pest control here I and the other managers (NEVER) had any problems with me (SMOKING) in my apt until I filed my complaint against (MS CHILL) She had them to conspire with her to evict me."

Plaintiff reports that he contacted individuals from the Department of Housing and Urban Development (HUD), the Human Rights Commission, the Lexington Fair Housing Council, and Legal Aid and "all agree that there was a (VIOLATION) going on by California Square one apts." He states that the HUD Director "filed a (HUD) complaint for me on march 10th,2021 in retaliation Ms Chill and Ms Hext whom I informed that I had filed a (HUD) complaint against them. On March 17, 2021, California Square one Apts terminated my lease (REASON) was that I was on and using illegal (DRUGS)." He maintains that three hours later he received a letter from Defendant Chill to disregard the termination but that on March 19, 2021, he received another lease termination. He asserts, "On March 25, 2021, I received a (NOTICE OF EVICTION) For (DAMAGING THE APARTMENT) and (INTERFEREING WITH MANAGEMENT)." He states that the HUD complaint was turned over to the Human Rights Commission "who did everything to (DISMISS) the case they never followed their own (RULES)." He states that the case was dismissed on July 27, 2021, and maintains that there was

"No investigation, My witnesses were never interviewed, their statements were never considered."

Plaintiff states that on August 26, 2021, he "had Surgery on my arm which will never be at 100% (EVER) again." He also reports, "The eviction was (DISMISSED) in (COURT) as it was frivolous and had no Merit, and (FAILURE) to appear in court for the (HEARING). (BUT) I Became 'Homeless.'" Plaintiff maintains that he is "57 years old in a Wheelchair." He also states as follows:

> Due the facts that I sustained serious injures to my arm for two years I had to wear a medical brace for two years, had to deal with (EXTREME) Pain, my arm kept going in and out dropping things bruning myself I had surgery (BUT) the Doctor say my arm will never be the same. Two years of physical therapy, two years of massage therapy, Severe nerve pain . . .
>
> Severe mental anguish at the same time I was not able to get out of my apartment or in, I had defecated myself and urinated myself all because I was not able to get in. My psychiatrist guided me through all of this.

As relief, Plaintiff seeks "actual damages and punitive damages" for the "Extreme acts of Ms Chill and Ms Hext." Plaintiff attaches approximately 150 pages of exhibits to his complaint.

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up

unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### A. Defendants Fosse and CS1 KY, LLC

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the Court has a duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for his claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). The pleading standard set forth in Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Plaintiff's only allegations concerning Defendant Fosse are that she was the manager of the apartment complex before Defendant Chill and that there were "no violations by management" during this time. He also alleges that after he filed his first complaint, Defendant Fosse, who was a regional manager at the time, responded and that "she guarantee me (BETTER) (SERVICE)." However, he does not allege that Defendant Fosse was personally involved in the acts which harmed him.

Moreover, while Plaintiff names CS1 KY, LLC in the caption, the complaint states no allegations against CS1 KY, LLC nor describes how it was involved in the alleged events.[2]

For these reasons, Plaintiff's claims against Defendants Fosse and CS1 KY, LLC will be dismissed for failure to meet the pleading standard of Fed. R. Civ. P. 8(a) and failure to state a claim upon which relief may be granted.

### B. 42 U.S.C. § 1983

Section 1983 does not create substantive rights, but merely provides "a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The law is clear that "[a] plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). Defendants in this case are private actors. *See Hussein v. New Jersey*, 403 F. App'x 712, 716 (3d Cir. 2010) (per curiam) (concluding landlords are not state actors); *Benford v. Smith*, No. 04-337, 2005 U.S. Dist. LEXIS 40605, at *9 (E.D. Tenn. June 3, 2005) (finding that private

---

[2] To the extent that any allegations against these Defendants may be contained in Plaintiff's numerous pages of exhibits, "[n]either the Court nor Defendants are obligated to search through the Complaint and its voluminous exhibits in order to glean a clear and succinct statement of each claim for relief. It is Plaintiffs' responsibility to edit and organize their claims and supporting allegations into a manageable format." *Laster v. Pramstaller*, No. 08-CV-10898, 2008 U.S. Dist. LEXIS 34080, 2008 WL 1901250, at *4-5 (E.D. Mich. Apr. 25, 2008) (citation omitted).

landlords participating in the HUD's Section 8 housing program are not considered state actors and thus cannot be liable under section 1983).

Therefore, Plaintiff's claims under § 1983 must be dismissed for failure to state a claim upon which relief may be granted.

### C. The Fair Housing Act and Title VIII of the Civil Rights Act of 1968

Congress passed the Fair Housing Act as Title VIII of the Civil Rights Act of 1968 to prohibit housing discrimination on the basis of race, gender, and national origin. In 1988, Congress passed the Fair Housing Amendments Act, which expanded the coverage of the Fair Housing Act to include people with disabilities. *Larkin v. State of Mich. Dep't of Soc. Servs.*, 89 F.3d 285, 288 (6th Cir. 1996). The Fair Housing Act prohibits discrimination against "any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith[]" on the basis of that person's race, color, religion, sex, familial status, national origin, or handicap. 42 U.S.C. § 3604(b), (f). Under the Fair Housing Act, it is "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title." § 3617. In addition, the Fair Housing Act prohibits "the refusal to make reasonable accommodations in 'rules, policies, practices, or services, when such accommodations may be necessary to afford [a handicapped individual an] equal opportunity to use and enjoy a dwelling.'" *Groner v. Golden Gate Gardens Apartments*, 250 F.3d 1039, 1044 (6th Cir. 2001) (citing § 3604(f)).

Upon review, the Court will allow Plaintiff's claims under the Fair Housing Act alleging discrimination based on Plaintiff's national origin and disability, retaliation, and failure to make

a reasonable accommodation to proceed against Defendants Chill, Hext, and Key Property Management. In allowing these claims to proceed, the Court passes no judgment on their merit or ultimate outcome.

The Court will dismiss Plaintiff's claims under Title VIII of the Civil Rights Act as redundant to Plaintiff's claims under the Fair Housing Act.

### D. Title VI of the Civil Rights Act of 1964

Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Upon review, the Court will allow Plaintiff's claims under Title VI of the Civil Rights Act of 1964 alleging discrimination based on his national origin to proceed against Defendants Chill, Hext, and Key Property Management.

### E. Section 504 of the Rehabilitation Act

Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of his or her disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a). Upon review, the Court will allow Plaintiff's claims under Section 504 of the Rehabilitation Act alleging discrimination based on his disability to proceed against Defendants Chill, Hext, and Key Property Management.

## III. ORDER

For the reasons set forth herein, and the Court being otherwise sufficiently advised, **IT IS ORDERED** as follows:

(1) Plaintiff's claims against Defendants Fosse and CS1 KY, LLC and his claims under § 1983 are **DISMISSED** for failure to meet the pleading standards of Rule 8(a) and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

(2) Plaintiff's claims under Title VIII of the Civil Rights Act of 1964 are **DISMISSED** as redundant to the continuing claims under the Fair Housing Act.

(3) The Court will enter a separate Order directing service upon Defendants Chill, Hext, and Key Property Management.

Date: March 2, 2023

Rebecca Grady Jennings, District Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendants
     MJ Edwards
A961.010