UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ALBERTO JAMES SANTIAGO SR.                                                            Plaintiff

v.                                                                         Civil Action No. 3:21-cv-00720-RGJ

ELISHIA CHILL, ET AL.                                                               Defendant

\* \* \* \* \*

## MEMORANDUM OPINION & ORDER

Defendants Elisha Chill ("Chill") and Key Property Management ("Key Property") move to dismiss the complaint. [DE 81]. Plaintiff Alberto James Santiago Sr. ("Santiago") missed the initial filing deadline to respond. After several orders and a show cause hearing on March 19, 2025, Santiago responded. [DE 94]. Chill and Key Property did not file a reply. For the reasons below, Chill's and Key Property's Motion to Dismiss [DE 81] is **GRANTED**, and Santiago's remaining claims are **DISMISSED WITH PREJUDICE** for failure to prosecute.

### I.   BACKGROUND

Santiago is a pro se plaintiff claiming damages of one billion dollars in a suit alleging discrimination based on his national origin and disability under The Fair Housing Act, Title VI of the Civil Rights Act of 1964, and Section 504 of the Rehabilitation Act. [DE 1; DE 10 at 209]. Santiago brings these claims against Key Property, the property management company for California Square One Apartments where Santiago lived, and Chill, their property manager. [DE 1 at 3]. While it is somewhat unclear from the complaint, it appears that Santiago alleges national origin and disability discrimination against Chill and Key Property for failing to fix his door and threatening to evict him. [DE 1-1 at 20]. Santiago alleges that Chill made derogatory comments about Puerto Ricans while threatening to evict him and refused to repair a broken latch on his door. [*Id*].

1

This case has been pending over three years. On December 2, 2021, Santiago filed a complaint with the Court against Chill and Key Property, as well as Laurie Hext ("Hext"), Emily Fosse ("Fosse"), and CS1 KY, LLC. [DE 1]. On March 3, 2023, this Court dismissed Santiago's claims against Fosse and CS1 KY, LLC., as well as all claims under 42 U.S.C. § 1983 and Title VIII of the Civil Rights Act of 1968. [DE 10]. Later, the Court dismissed the claims against Hext for insufficient service and failure to prosecute. [DE 54]. While there have been numerous motions and objections filed over the course of this case, they are largely omitted from this background because they have no direct bearing on the motions before the Court. Santiago has not responded to any requests for admission or participated in discovery. [DE 82]. The November 11, 2024, discovery deadline has passed. [DE 70].

## II.     MOTION TO DISMISS FOR IMPROPER SERVICE [DE 81]

The Court has authority to dismiss a defendant and claims against a defendant for a plaintiff's failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, or failure to comply with a court order. Fed. R. Civ. P. 41(b); *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008). Fed. R. Civ. P. 4(c)(2) requires that service may be made by "[a]ny person who is at least 18 years old *and not a party*." Fed. R. Civ. P. 4(c)(2) (emphasis added). A party to a lawsuit is required to use a process server to effect service, and any attempt by one party to personally serve another party in the litigation renders the service improper. *Id.*; *Lee v. George*, No. 3:11-CV-607-CRS, 2012 WL 1833389, at *3 (W.D. Ky. May 18, 2012) ("Since Lee is a party to the action, his attempt to serve process upon Judge George renders the service improper."). This remains true even if service is attempted by certified mail. *Constien v. United States*, 628 F. 3d 1207, 1213-15 (10th Cir. 2010) ("Even when service is effected by use of the mail, only a nonparty can place the summons and complaint in the mail."). The less stringent

2

standards applied to pro se litigants do not apply to rules for proper service and district courts in this circuit have routinely dismissed cases improperly served directly by pro se litigants in the past under Fed. R. Civ. P. 4(m). *Greene v. United States*, No. 6:19-CV-00024-GFVT, 2021 WL 1214499, at *18 (E.D. Ky. Mar. 30, 2021), *aff'd*, No. 21-5398, 2022 WL 13638916 (6th Cir. Sept. 13, 2022).

Rule 12(b) requires that a motion asserting the defense of insufficient service of process under Rule 12(b)(5) "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). A party waives the defense of insufficient service of process if he fails to include the defense either in a motion under Rule 12 or in a responsive pleading. *See* Fed. R. Civ. P. 12(h)(1)(B). Rule 12(h)(1)(B) requires a defendant "to either (i) 'make' an insufficient-service defense in a pre-answer motion or (ii) simply 'include' the defense in the answer." *King v. Taylor*, 694 F.3d 650, 657 (6th Cir. 2012). A defendant has "the option to preserve the defense in either manner," provided he has not already filed a motion under Fed. R. Civ. P. 12 in which he failed to assert the defense. *Id*. Both Chill and Key Property have repeatedly asserted the defense of insufficient service of process throughout this litigation, including preserving the argument in their answer. [DE 42 at 398].

In the proof of service Santiago declared under penalty of perjury that he "[p]ersonally [s]erved the summons on the Respondent Elisha Chill" and "[p]ersonally [s]erved the summons on the Respondent Key Property Management." [DE 1-33 at 171]. Santiago personally signed the proof of service as the process server and checked the box verifying that he personally served the summons. [*Id*. at 183, 187, 188]. Santiago further attested that he served the summons by regular and certified mail to both defendants. [*Id*. at 180]. As a party to this litigation, Santiago cannot serve process himself and was required to use a process server or the Court to effect service. *Lee,*

3

2012 WL 1833389 at 3. Although the forms provided by Santiago are conflicting about whether they were served by certified mail, or directly to the defendants at the listed address, there is no doubt that Santiago effected service personally as a party to this litigation. As such, this service was improper, and as the set ninety-day deadline for service has long since passed, the Court must dismiss absent a finding of good cause. Fed. R. Civ. P. 4(m).

Rule 4(m) of the Federal Rules of Civil Procedure provides that a court "must extend the time for service for an appropriate period" when plaintiff can show good cause for its inability to serve a defendant within 90 days. Fed. R. Civ. P. 4(m). As recognized by this Court and the Sixth Circuit,

> Rule 4(m) requires the district court to undertake a two-part analysis. First, the court must determine whether the plaintiff has shown good cause for the failure to effect service. If he has, then "the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m) (emphasis added). Second, if the plaintiff has not shown good cause, the court must either (1) dismiss the action or (2) direct that service be effected within a specified time.

*John W. Stone Oil Distrib., LLC v. PBI Bank, Inc.*, No. 3:09-CV-862-H, 2010 WL 3221800, at *1–2 (W.D. Ky. Aug. 12, 2010) (citing *Stewart v. Tennessee Valley Auth.*, 238 F.3d 424 (6th Cir. 2000) (table opinion)).

Here, good cause has not been shown. When deciding whether to exercise discretion to extend time to serve defendants, courts consider whether:

> (1) a significant extension of time is required; (2) an extension of time would cause actual prejudice to the defendant other than the inherent prejudice in having to defend the lawsuit; (3) whether the defendant had actual notice of the lawsuit; (4) whether dismissal of the complaint without prejudice under Rule 4(m) would substantially prejudice the plaintiffs, *i.e.,* cause the plaintiffs' suit to be time-barred by the statute of limitations; and (5) whether the plaintiffs have made diligent, good faith efforts to effect proper service of process.

*See Treadway v. California Prod. Corp.*, No. 2:13-CV-120, 2013 WL 6078637, at *6 (E.D. Tenn. Nov. 19, 2013). The Court has previously provided the Plaintiff with multiple significant

4

extensions of time to no avail. While the Defendants do have actual notice of the lawsuit, and dismissal would prejudice Santiago, that prejudice would not be unfair as Santiago has failed to make diligent, good-faith efforts to effect proper service of process and meet his burden under Rule 4(m) despite prior orders from this Court detailing the process for service and the previous dismissal of Hext for failure to serve. Balancing these factors, the course of action for Plaintiff's failure to show good cause is dismissal and a further extension of time will merely continue to delay dismissal for failure to effectuate service.

Chill and Key Property have both preserved and asserted the issue of improper service and dismissal is proper. Defendant Chill and Key Property's Motion to Dismiss for improper service [DE 81] is **GRANTED.**

### III. FAILURE TO PROSECUTE

The Supreme Court has recognized that the "district court has the inherent power to dismiss a case sua sponte for failure to prosecute." *Marchand v. Smith & Nephew*, No. 11-2621-STA-CGC, 2013 WL 6780559, at *2 (W.D. Tenn. Dec. 19, 2013) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48 (1991)). The Sixth Circuit employs a four-factor analysis for determining whether dismissal under Fed. R. Civ. P. 41(b) for failure to prosecute is warranted:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). Although none of the factors is outcome dispositive, a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct. *Id.*, citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980). Contumacious conduct, under the rule, means "perverse in resisting authority" and

"stubbornly disobedient." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (quoting *Webster's Third New International Dictionary* 497 (1986)). Additionally, the less stringent standards applied to pro se pleadings do not apply to "readily comprehended court deadlines." *Jourdan v. Jabe*, 951, F.2d 108, 110 (6th Cir. 1991).

Although this case must be dismissed for improper service, given the duration of this case and the nature of Santiago's refusal to properly participate, the Court finds evaluation of failure to prosecute warranted. Santiago has engaged in disobedient and contumacious conduct by repeatedly refusing to follow Court orders, which has resulted in the Court having to issue repeated show cause orders and caused significant delays. Perhaps more importantly, Santiago has been unwilling to participate in discovery. Santiago has failed to respond to or request discovery of any kind despite the passing of this Court's November 11, 2024, discovery deadline which was plainly set out in the scheduling order. [DE 70]. Santiago has been warned that a defendant's pro se status does not relieve him "from the basic obligations required of all parties with respect to discovery[.]" *Bond v. Myatt*, No. 3:16-0863, 2017 WL 2535449, at *2 (M.D. Tenn. Apr. 28, 2017) (collecting cases). Yet he has repeatedly ignored Court orders and refused to participate in discovery.

As to the first factor, Santiago has been advised by the Court's scheduling order, by the Federal Rules of Civil Procedure, by opposing counsel, and by the Court's numerous orders to show cause, of his discovery obligations. Santiago has continued to disregard these obligations and failed to respond to or serve discovery of any kind in this case. Further, when Santiago does make motions or appear before the Court, he rarely acts to meaningfully move the case forward. Instead, Santiago has repeatedly expressed his discontent with the Court and made insulting, vitriolic, and often sanctionable remarks about opposing counsel, Judge Edwards, and the undersigned. [DE 39; DE 40; DE 44; DE 47; DE 49; DE 92; DE 93; DE 94; DE 95]. Santiago has

6

referred to these proceedings as "NOTHING MORE THAN A ["KANGAROO"] COURT" [DE 93 at 520], implied that there is "SOME KIND OF ["MENTAL ILLNESS"] GOING ON WITH BOTH JUDGES" [*id*. at 522], and referred to opposing counsel as a "criminal." [DE 78 at 416]. The Court has even been forced to prematurely end a teleconference due to Santiago's "failure to appropriately participate." [DE 91 at 509]. This conduct is contumacious and evidence of willfulness, bad faith, and fault. Accordingly, this factor weighs in favor of dismissal pursuant to Rule 41(b).

As to the second factor, Santiago's failure to participate has prevented the Defendants from investigating, evaluating, and defending the case. Without any discovery there is no way to try this case. As to the third factor, Santiago has been warned repeatedly throughout this litigation that failure to prosecute this case could lead to dismissal for failure to prosecute. Santiago was warned most recently on March 19, 2025, during a show-cause hearing held specifically to address his repeated failures to participate in this case and follow court orders. [DE 91]. But Santiago has been on notice about the risks of failure to participate in this case since at least June 1, 2023, when this Court issued a show-cause order where Santiago was "once again warned that his failure to file a written status report or properly show cause for his insufficient service may result in a recommendation of dismissal of his claims for failure to prosecute." [DE 25]. Moreover, Santiago is aware of the risks of failure to prosecute as Hext was already dismissed from this case for Santiago's failure to serve and failure to prosecute. [DE 54]. The Court has provided Santiago with numerous warnings about the consequences of failure to prosecute.

As to the fourth factor, as detailed above Santiago has repeatedly failed to follow the Court's previous orders, even when given every opportunity to do so. At this point the case has limped along for over three years without any discovery being conducted, and the deadline to do

7

so has passed. Any further attempts to warn Santiago are futile as he has failed to cooperate and is focused solely on a repeatedly rejected claim that default judgment was issued in this case. [DE 78; DE92; DE 93; DE 95]. The Court has already ruled that it must dismiss the remaining defendants for improper service. If this matter were dismissed without addressing failure to persecute, and without prejudice, it is likely the same wasteful and futile process would play out in court all over again. Given the totality of the circumstances, and Santiago's failure to participate or prosecute this action, an order compelling compliance and ordering sanctions is unlikely to result in cooperation. The claims of Plaintiff Alberto James Santiago Sr. are **DIMISSISED WITH PREJUDICE** for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

## IV.     ALLEGED DEFAULT JUDGMENT [DE 94; DE 95]

Despite the dismissal of this complaint for improper service and failure to prosecute, in the interest of hearing all issues raised, the Court will address Santiago's primary argument against dismissal and summary judgment. Rather than respond to the merits of either the motion to dismiss or motion for summary judgment, Santiago has repeatedly asserted throughout his motions and responses that Chill and Key Property have disregarded court orders and "DEFAULTED 34 TIMES DEAING[sic] THE PROCESSINGS[sic] AND AT PER-TRIL[sic]." [DE 95 at 538]. Santiago also claims erroneously that this Court already granted default judgment on September 21, 2023. [*Id.*].

### 1. Standard

Rule 55 governs a motion for default judgment "[w]hen a party against whom a judgment of affirmative relief is sought has failed to plead or otherwise defend and that failure is shown by affidavit or otherwise . . . ." Fed. R. Civ. Pro. 55(a). Where, as here, a case does not involve a sum certain, Rule 55 sets out a two-step process. First, the Clerk of Court must issue an entry of default

8

under Rule 55(a). Second, on entry of default, if the plaintiff's claim is not for a sum certain, he or she "must apply to the court for a default judgment" by filing a motion for a default judgment under Rule 55(b)(2). Fed. R. Civ. P. 55(b)(1)-(2). *I Love Juice Bar Franchising, LLC v. ILJB Charlotte Juice, LLC*, No. 3:19-CV-00981, 2020 WL 4735031, at *3 (M.D. Tenn. Aug. 14, 2020).

After the Clerk's entry of default and the plaintiff's motion for default judgment, the Court considers whether a default judgment is proper. *Methe v. Amazon.com.dedc, LLC*, No. 1:17-CV-749, 2019 WL 3082329, at *2 (S.D. Ohio July 15, 2019). When doing so, the Court takes all factual allegations in the complaint as true. *In re Family Resorts of Am., Inc.*, 1992 WL 174539, at *4 (6th Cir. 1992). An entry of default, however, does not automatically entitle the plaintiff to a default judgment. *See F.C. Franchising Sys., Inc. v. Schweizer*, 2012 WL 1945068, at *3 (S.D. Ohio May 30, 2012). The plaintiff must still show that, when all factual allegations in the complaint are taken as true, the defendant is liable for the claim(s) asserted. *Said v. SBS Elecs., Inc.*, 2010 WL 1265186, at *2 (E.D.N.Y. Feb. 24, 2010) *adopted as modified*, 2010 WL 1287080 (E.D.N.Y. Mar. 31, 2010). (It "remains the plaintiff's burden to demonstrate that" the complaint's factual allegations, taken as true, "establish the defendant's liability.").

When considering whether default judgment is proper, courts:

> [T]ake into account: (1) possible prejudice to the plaintiff; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) possible disputed material facts; (6) whether the default was due to excusable neglect; and (7) the preference for decisions on the merits.

*Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002). Additionally, a default is not considered an admission of damages. *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009) ("Where damages are unliquidated a default admits only [the defaulting party's] liability and the amount of damages must be proved."). To determine damages, the court may hold an evidentiary hearing. "[A] hearing is not necessarily required if the moving party submits

9

uncontested, sworn affidavits sufficient to establish the amount of damages." *Broad. Music, Inc. v. Marler*, 2009 WL 3785878, at *5 (E.D. Tenn. Nov. 12, 2009); see also Fed. R. Civ. P. 55(b)(2) (A district court "may conduct hearings . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.") (emphasis added)); *Vesligaj*, 331 F. App'x at 354 (Rule 55(b)(2), "by its terms, allows but does not require the district court to conduct an evidentiary hearing").

    2.    *Analysis*

Several reasons compel denial of a default judgment against Chill and Key Property. First, despite Santiago's repeated claims, this Court never ordered a default judgment against Chill and Key Property. In fact, the Court has already addressed these contentions and repeatedly informed Santiago that the Court "did not enter default judgment for Plaintiff on September 21, 2023." [DE 49 at 324]. Rather, the Court's September 21, 2023, order was a show cause ordering Chill and Key Property to explain their failure to file timely responsive pleadings. [DE 33]. Chill and Key Property answered the show cause order and filed responsive pleadings in this case. [DE 42; DE 45]. There is no reasonable dispute as to whether this Court entered default judgment and reading the very order Santiago cites to shows that is not an order for default judgment, but rather a simple show cause order.

Second, default judgment against Chill and Property would not be appropriate as Santiago has failed to take the required steps to obtain service of process, let alone default judgment, and any notice of default would be defective. There has not been a clerk's entry of default as required by Rule 55(a), nor could there be as Chill and Key Property have responded to the Complaint in compliance with the Courts' orders and permitted extensions. Further, Santiago failed to "apply to

10

the court for a default judgment" by filing a motion for a default judgment under Rule 55(b)(2). Santiago only ever claimed that this Court had already entered a default judgment or expressed a vague future intent to file a motion for default judgment. This is insufficient for the Court to properly consider a motion for default judgment.

Third, even if Santiago had properly moved for default judgment, and Chill and Key Property had defaulted, this Court is required to consider a number of factors in determining whether default judgment is proper. *Russell*, 34 F. App'x at 198. In this case the factors weigh heavily against default judgment. First and foremost, no service of process has been effectuated. Further, the complaint itself is insufficient to warrant default as it makes minimal confusing factual allegations, and what few claims were found within it were derived with some difficulty by the Court. The amount of money at stake weighs heavily against default as Santiago has claimed an incredible one billion dollars in total damages. There are also considerable disputed material facts which weigh against default. Further, any potential default would have likely been due to excusable neglect as Key and Chill have several issues of improper service including failure to serve the complaint and improper personal service which the Court has ruled on in this opinion. And finally, at the time default was alleged there was a strong preference for a decision on the merits which this Court had already repeatedly expressed. Although a decision on the merits has been made impracticable by repeated failures to prosecute and a lack of discovery on which the Court could try this case, at the time default a decision on the merits was preferred given the nature of the complaint and the excessive damages alleged. For all these reasons, default judgment has not been appropriately alleged and would be improper in this case.

## V. MOTION FOR APPEAL [DE 92; DE 93]

Santiago appears to request an interlocutory appeal on his denied motions, stating that "BECAUSE THERE IS A STRONG DISPUTE IN MATTER OF LAW[sic], PLAINTIFF FEELS

11

A MOTION FOR INTERLOCUTORY INJUNCTION IS ["APPROPREIATE"][sic] AT THIS TIME." [DE 93 at 524]. Although Santiago's request is unclear, Santiago's other references to appeal and lack of explanation as to what would be sought in an injunction leave the Court to believe Santiago is seeking an interlocutory appeal. Not only is this not the proper procedure to raise an appeal, but the Court has not ruled on any motion giving rise to a potential interlocutory appeal and Santiago has not alleged a "pure question of law" which is required for interlocutory appeal. *Lofgren v. Polaris Indus. Inc.*, 526 F. Supp. 3d 322, 327 (M.D. Tenn. 2021). *See also In re City of Memphis*, 293 F.3d 345, 349 (6th Cir. 2002) ("Review under § 1292(b) is granted sparingly and only in exceptional cases."). Further, an appeal of this case would be frivolous and not taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Santiago has had ample opportunity to litigate his claims with this Court and as described above has consistently refused. Even when given numerous opportunities to show-cause for refusal to participate in discovery or respond to filings Santiago has refused. It is the opinion of the Court that dismissal is warranted, and any re-litigation of these issues would be futile.

### VI. CONCLUSION

For these reasons, the Court, having considered the applicable law and being otherwise sufficiently advised, **IT IS ORDERED** as follows:

1. Santiago's remaining claims against Defendant Chill and Defendant Key Property are **DISMISSED with PREJUDICE** for insufficient service pursuant to Fed. R. Civ. P. 4(m) and failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

2. For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such by Plaintiff would be frivolous.

*Coppedge,* 369 U.S. at 445. Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

3. The Court will enter separate judgment.

Rebecca Grady Jennings, District Judge
United States District Court

May 30, 2025